IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DUKE YOUNG,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHRISTOPHER SMITH, et al.,<br><br>    Defendants.<br>_____ / | No. 2:15-CV-0733-TLN-CMK-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 15). Also before the court is plaintiff's motion for preliminary injunctive relief (Doc. 14).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's first amended complaint naming the following as defendants: (1) Christopher Smith; (2) David Smiley; (3) Dr. Andrews; (4) Dr. Cuppy; and (5) "Dr. Pawan Kumar.[1]  Plaintiff states that, beginning in early 2011, he sought additional medical and mental health treatment for gender dysphoria.  Specifically, plaintiff claims that defendant Smith rejected as unnecessary recommendations from plaintiff's "regular hormone doctor" that he receive hair removal treatments, bleaching creams, and female clothing.  Plaintiff alleges that defendant Smith did not base his decision on any medical grounds but solely on a prison policy of not providing treatment for gender dysphoria.

Next, plaintiff alleges that he was seen by defendant Cuppy in a "doctor's line" in August 2013 at which time plaintiff sought treatment by a specialist.  According to plaintiff, defendant Cuppy told plaintiff that treatment for gender dysphoria was not a "covered benefit" and that defendant Cuppy was "quick to defer to CDCR policy or practice (of not considering certain treatments for GD patients), rather than utilize his professional medical judgment."

Next, plaintiff states that he was seen in August 2013 by defendant Kumar, an endocrinologist, regarding his desire "to get rid of my male genitals. . . ."  According to plaintiff, he "pleaded with Kumar to do something."  Plaintiff claims that defendant Kumar informed him that he would pass on plaintiff's concerns, but that defendant Kumar never did.  Specifically, plaintiff alleges:

> . . .Later, during my follow-up with the PCP, I found out that defendant Kumar did not pass along my desires and concerns to the PCP, Kumar omitted the whole discussion about SRS or my plea for help.  Kumar personally acted to omit this discussion in deference to CDCR telling him not to consider SRS.

/ / /

---

[1] Plaintiff's original complaint naming Smith as the only defendant was deemed appropriate for service in a prior order.  Plaintiff's first amended complaint naming the additional defendants was filed as-of-right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

Plaintiff adds: "Also, this defendant discontinued my hormones when he decided to remove me from his caseload." According to plaintiff, defendant Kumar discontinued his medication abruptly and without regard to the known side effects of doing so.

Plaintiff claims that, in September and October 2013, defendant Smiley responded to inmate appeals plaintiff had filed regarding the denial of treatment.

Plaintiff alleges that defendant Andrews was consulted by plaintiff's "clinician," L. Bessemer, in August 2014 regarding gender dysphoria treatment but that defendant Andrews "personally blocked potential treatment by telling me and Bessemer that there was no authorized services/treatments" for gender dysphoria patients. According to plaintiff: "This statement I later found out was untrue, and this defendant [Andrews] was deliberately indifferent to my serious medical needs for lying. . . ."

Plaintiff states that, by February 2015, he was placed in a higher level of mental health care after he threatened to cut off his genitals himself. According to plaintiff, defendant Smith was aware of this yet ". . .he continued to deny even an evaluation by a qualified specialist for the proper plan of treatment."

## II. DISCUSSION

### A. First Amended Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

In this case, plaintiff fails to state a claim against defendant Smiley, who is alleged to have reviewed plaintiff's inmate grievances.[2]  Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.   Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).   While prisoners retain a First Amendment right to petition the government through the prison grievance process, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), plaintiff has not alleged that

---

[2] The court finds that the first amended complaint is appropriate for service as to defendants Smith, Andrews, Cuppy, and Kumar.

defendant Smiley interfered with the grievance process in such a way as would give rise to a First Amendment claim against him.

Because it does not appear possible that the deficiencies with the first amended complaint identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to further amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### B. Motion for Preliminary Injunctive Relief

Plaintiff seeks a preliminary injunction "holding that the Defendants, or their agents, cannot prevent an individualized evaluation by a GD specialist for the purpose of making a viable and effective plan of treatment." The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In this case, the court finds that plaintiff has failed to demonstrate the likelihood (as opposed to the possibility) of irreparable harm absent a preliminary injunction. According to plaintiff, "[t]he restrictions I continually face while pleading my desires and needs for further treatment are maddening and will most likely result in my harming myself or worse." He adds: "I don't think I can go on living in this way, with CDCR ignoring my very real and debilitating

condition." Plaintiff has not, however, provided any evidence to support the conclusion that, absent some form of preliminary injunctive relief, plaintiff will in fact harm himself or suffer some other form of irreparable injury.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Smiley be dismissed as a defendant to this action; and
2. Plaintiff's motion for injunctive relief (Doc. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 12, 2016

　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE