1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CINDY CE CE YOUNG, formerly                No. 2:15-CV-0733-TLN-CMK-P
     known as Christopher Duke Young,

12
                 Plaintiff,
13
         vs.                                    ORDER
14
     CHRISTOPHER SMITH, et al.,
15
                 Defendants.
16
     _____ /
17

18          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983.  Pending before the court are the following motions: (1) plaintiff's motion for

20   leave to file a supplemental complaint (Doc. 35); (2) plaintiff's motion for appointment of

21   counsel (Doc. 40); and (3) defendant Smith's motion for an extension of time to file a response

22   to the first amended complaint (Doc. 37).

23          Plaintiff seeks the appointment of counsel.  The United States Supreme Court has

24   ruled that district courts lack authority to require counsel to represent indigent prisoners in

25   § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

26   exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

                                               1

1    28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

2    Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional

3    circumstances" requires an evaluation of both the likelihood of success on the merits and the

4    ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

5    issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be

6    viewed together before reaching a decision.  See id.

7             In the present case, the court does not at this time find the required exceptional

8    circumstances.  First, plaintiff has demonstrated an ability to articulate her claims on her own.

9    Second, the legal question involved – whether defendants were deliberately indifferent to a

10   serious medical need – is not particularly complex.  Finally, while plaintiff has articulated

11   coherent claims and has the possibility of prevailing, the court cannot say at this early stage of the

12   proceedings that plaintiff is likely to prevail on the merits.  Plaintiff's motion for appointment of

13   counsel will be denied.

14            Plaintiff also seeks leave of court to file a supplemental complaint.  The Federal

15   Rules of Civil Procedure provide that a party may amend or supplement his or her pleading once

16   as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a

17   responsive pleading is required, within 21 days after service of the responsive pleading, see Fed.

18   R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of

19   the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a

20   party's pleadings may only be amended or supplemented upon leave of court or stipulation of all

21   the parties.  See Fed. R. Civ. P. 15(a)(2).  Where leave of court to amend is required and sought,

22   the court considers the following factors: (1) whether there is a reasonable relationship between

23   the original and amended/supplemental pleadings; (2) whether the grant of leave to

24   amend/supplement is in the interest of judicial economy and will promote the speedy resolution

25   of the entire controversy; (3) whether there was a delay in seeking leave to amend/supplement;

26   (4) whether the grant of leave to amend/supplement would delay a trial on the merits of the

1    original claim; and (5) whether the opposing party will be prejudiced by amendment/supplement.

2    See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be

3    denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833

4    F.2d 183, 186 (9th Cir. 1987).

5            In the present case, leave of court is required because plaintiff filed an amended

6    complaint – the operative first amended complaint – as of right.   Plaintiff now seeks to file a

7    supplemental complaint alleging that, since this action was filed, the defendants have refused to

8    provide her female clothing and cosmetics.  According to plaintiff, these new claims were only

9    exhausted through the prison grievance process in late 2015.

10           Upon consideration of the factors above, the court finds that leave to file a

11   supplemental complaint should not be granted.  First, there is no reasonable relationship between

12   the claims raised in the amended complaint – which relate to alleged deliberate indifference to

13   serious medical needs arising from plaintiff's gender dysphoria – and the proposed new claims.

14   While the new claims are related to plaintiff's gender dysphoria, they are not related legally to

15   medical claims currently raised in the first amended complaint.  Second, defendants would be

16   prejudices by allowing the new claims to proceed in the current action.  As plaintiff admits, the

17   new claims were only exhausted in late 2015 – many years after this action was initiated.

18   Because claims must be exhausted before suit is filed, allowing the new claims to be added to the

19   current action would essentially defeat the purpose of the exhaustion requirement.  Finally,

20   allowing the new claims to proceed in this action would only serve to delay a resolution on the

21   merits of plaintiff's original medical claims.

22           Defendant Smith seeks an extension of time to file a response to the first amended

23   complaint.  On March 30, 2016, the court extended the time to file a response to May 27, 2016.

24   On April 11, 2016, plaintiff filed an interlocutory appeal of the court's March 31, 2016, order.

25   Defendant Smith's current motion for an extension of time was filed on May 24, 2016 – while

26   the appeal was still pending at the Ninth Circuit Court of Appeals.  On June 13, 2016, the Ninth

1   Circuit issued an order and mandate granting plaintiff's motion for voluntary dismissal of the

2   appeal.  Jurisdiction having been returned to this court, and good cause appearing therefor,

3   defendant Smith's motion for an extension of time is granted, nunc pro tunc to May 24, 2016.

4   Defendant Smith shall have 60 days from the date of this order to file a response to the first

5   amended complaint.  By separate order issued herewith, the court will direct service of process

6   on the remaining defendants.

7   　　　　　Accordingly, IT IS HEREBY ORDERED that:

8   　　　　　1.　　Plaintiff's motion for the appointment of counsel (Doc. 40) is denied;

9   　　　　　2.　　Plaintiff's motion for leave to file a supplemental complaint (Doc. 35) is

10   denied;

11   　　　　　4.　　Defendant Smith's motion for an extension of time (Doc. 37) is granted;

12   and

13   　　　　　5.　　Defendant Smith shall file a response to the first amended complaint

14   within 60 days of the date of this order.

15

16   DATED:  July 7, 2016

17

18   　　　　　　　　　　　　　　　　　　　_____

     　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
     　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26