IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CINDY CE CE YOUNG, formerly known as CHRISTOPHER DUKE YOUNG,

Plaintiff,

vs.

CHRISTOPHER SMITH, et al.,

Defendants.

No. 2:15-CV-0733-TLN-CMK-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Smith's motion to dismiss (Doc. 45), joined by defendant Andrews (Doc. 54).

**I. PLAINTIFF'S ALLEGATIONS**

This action proceeds on plaintiff's first amended complaint against Christopher Smith and Dr. Andrews. Plaintiff states that, beginning in early 2011, he sought additional medical and mental health treatment for gender dysphoria. Specifically, plaintiff claims that defendant Smith rejected as unnecessary recommendations from plaintiff's "regular hormone

doctor" that he receive hair removal treatments, bleaching creams, and female clothing. Plaintiff alleges that defendant Smith did not base his decision on any medical grounds but solely on a prison policy of not providing treatment for gender dysphoria.

Plaintiff alleges that defendant Andrews was consulted by plaintiff's "clinician," L. Bessemer, in August 2014 regarding gender dysphoria treatment but that defendant Andrews "personally blocked potential treatment by telling me and Bessemer that there was no authorized services/treatments" for gender dysphoria patients. According to plaintiff: "This statement I later found out was untrue, and this defendant [Andrews] was deliberately indifferent to my serious medical needs for lying. . . ." Plaintiff states that, by February 2015, he was placed in a higher level of mental health care after he threatened to cut off his genitals himself.

For relief, plaintiff seeks a declaration that defendants' acts were unconstitutional, an order directing defendants to provide an individualized evaluation of plaintiff's medical case by a qualified gender dysphoria specialist, and an order directing defendants to "follow the recommendations already given by medical specialist."

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

/ / /

/ / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

Defendant Smith argues: (1) this action has become moot because plaintiff was approved for gender reassignment surgery on April 12, 2016; and (2) plaintiff fails to state a claim under § 1983 because plaintiff alleges nothing more than a disagreement in medical opinion. Defendant Andrews joins in defendant Smith's argument that the case is moot.

The court does not agree that the action has been rendered completely moot by the April 2016 approval for gender reassignment surgery. As plaintiff notes in opposition to defendant Smith's motion, while gender reassignment surgery has been approved, no provision has been made for hair removal treatments, bleaching creams, and female clothing which plaintiff claims have been recommended by Dr. Kumar. Therefore, plaintiff's third request for relief – an order directing defendants to "follow the recommendations already given by medical specialist" – is not moot.

Defendant Smith also argues that, even if the case has not been rendered moot, plaintiff nonetheless fails to state a cognizable claim for relief. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also

1 | demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

2 |       Negligence in diagnosing or treating a medical condition does not, however, give
3 | rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
4 | difference of opinion between the prisoner and medical providers concerning the appropriate
5 | course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
6 | 90 F.3d 330, 332 (9th Cir. 1996).

7 |       In this case, the court agrees with defendant Smith that plaintiff's remaining
8 | claims for relief – an order directing that plaintiff be provided with hair removal treatments,
9 | bleaching creams, and female clothing as recommended by Dr. Kumar – is not cognizable.
10 | Documents attached to plaintiff's complaint indicate that, in Defendant Smith's opinion
11 | following an April 12, 2013, appointment, hair removal treatments, bleaching creams, and female
12 | clothing were not medically necessary because plaintiff was able to perform activities of daily
13 | living without such items.  This opinion was seconded by Dr. Naseer who examined plaintiff at
14 | an April 17, 2013, follow-up appointment.  Plaintiff's difference in opinion does not rise to the
15 | level of a cognizable § 1983 claim.

16 | / / /
17 | / / /
18 | / / /
19 | / / /
20 | / / /
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that defendant Smith's motion to dismiss (Doc. 45) be granted and that this action be dismissed in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 31, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE